1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DAWN WENTWORTH,

                              Plaintiff,

            v.

AT&T,

                              Defendant.

Case No. 21-cv-01937-BAS-AGS

**ORDER:**

**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**

**(2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3); AND**

**(3) DISMISSING COMPLAINT**

DAWN WENTWORTH,

                              Plaintiff,

            v.

XFINITY,

                              Defendant.

Case No. 21-cv-01942-BAS-AGS

**ORDER:**

**(1) CONSOLIDATING CASE;**

**(2) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**

**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3); AND**

**(4) DISMISSING COMPLAINT**

- 1 -

21cv1937 / 21cv1942

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Case No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (*Id.*, ECF No. 8.) Ms. Wentworth did not appear at the hearing. (*Id.*, ECF No. 10.)

In November 2021, Ms. Wentworth filed more than a dozen additional lawsuits, including the two matters shown above against AT&T and Xfinity. Both lawsuits include allegations regarding an internet service provider and home security system. In each lawsuit, Ms. Wentworth moves to proceed *in forma pauperis* ("IFP") and for appointment of counsel. For the following reasons, the Court grants the requests to proceed IFP, consolidates these cases, denies the motions to appoint counsel, and dismisses the actions with prejudice.

## I.   Motions to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis* ("IFP")—without paying the filing fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that

federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Having read and considered Ms. Wentworth's motions, the Court finds that she meets the requirements in 28 U.S.C. § 1915 for IFP status. Ms. Wentworth has two children and lists expenses exceeding her income. She is not employed and has minimal assets. Under these circumstances, the Court finds that requiring Ms. Wentworth to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Therefore, the Court **GRANTS** Ms. Wentworth's requests to proceed without paying the filing fees for these two cases.

## II.    Consolidation

Federal Rule of Civil Procedure 42(a)(2) provides that when "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "The primary purpose of the rule is to promote trial court efficiency and avoid the danger of inconsistent adjudications." *Malone v. Strong*, No. 3:16-CV-05284-RBL-DWC, 2016 WL 3546037, at *4 n.2 (W.D. Wash. May 20, 2016). Courts may consolidate cases on their own initiative. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("Because consolidation is within the broad discretion of the district court, . . . trial courts may consolidate cases *sua sponte*.").

Here, the Court finds consolidation is appropriate for the two cases listed above. They were filed on the same day and raise similar allegations against AT&T and Xfinity concerning the same subject matter. Therefore, the Court will consolidate the cases and address the sufficiency of their pleadings and Ms. Wentworth's requests for appointment of counsel together.

## III.    Appointment of Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. District*

*Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Ms. Wentworth seeks appointment of counsel for these cases because she argues she lacks funds to hire an attorney and has no legal training. (No. 21-cv-1937, ECF No. 3; No. 21-cv-1942, ECF No. 3.) Having reviewed Ms. Wentworth's requests, the Court concludes there are not "exceptional circumstances" warranting an appointment in these cases. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004). Therefore, the Court **DENIES** Ms. Wentworth's Motions for Appointment of Counsel.

## IV. Screening of Complaints

Because she is proceeding IFP, Ms. Wentworth's Complaints are subject to screening. Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings,

to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328.

Ms. Wentworth claims Defendant Xfinity (Comcast) breached a home security contract. (No. 21-cv-1942, Compl., ECF No. 1.) Specifically, she claims Xfinity sent out a technician "with extremely bad hygiene and smell" who installed faulty equipment and sensors. (*Id.*) She also claims a supervisor "walked the neighborhood" and harassed her, saying "glad I know where you live," leading to her filing a police report. (*Id.*) For this conduct, Ms. Wentworth requests the same amount of damages as she has in other cases— $13 million, but "for each temporar[ily] endangered occupant within the home." (*Id.*) She also adds derogatory allegations about a man screaming at her while crossing the street to the federal courthouse, which appear unrelated to her allegations concerning Xfinity. (*Id.*)

As for the action against Defendant AT&T, she claims an agent for the internet service provider intentionally "changed [the] internet name and password" to leave the home's "occupants without a security system." (No. 21-cv-1937, Compl., ECF No. 1.) Because this conduct allegedly caused the home security system to not work, Ms. Wentworth again seeks $13 million in damages. (*Id.*) She also repeats the derogatory allegations about a man screaming at her while she tried to cross the street. (*Id.*)

In short, Ms. Wentworth seeks millions of dollars for what appears to be a run-of-the-mill customer service incident with her internet service provider. She adds outlandish allegations about the service agents and other matters. The Court finds these allegations

do not survive screening under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke*, 490 U.S. at 328. Therefore, the Court will dismiss these actions with prejudice.

**V.  Conclusion**

For the foregoing reasons, the Court rules as follows.

(1)  The Court **GRANTS** Ms. Wentworth's Motions to Proceed IFP.  (No. 21-cv-1937, ECF No. 2; No. 21-cv-1942, ECF No. 2.)

(2)  The Court orders the Clerk to consolidate Case No. 21-cv-1942 with Case No. 21-cv-1937.  The lead case shall be Case No. 21-cv-1937.  All filings shall be in the lead case.

(3)  The Court **DENIES** Ms. Wentworth's Motions to Appoint Counsel.  (No. 21-cv-1937, ECF No. 3; No. 21-cv-1942, ECF No. 3.)

(4)  The Court **DISMISSES WITH PREJUDICE** the Complaint in each action under 28 U.S.C. § 1915(e)(2)(B)(i).  (No. 21-cv-1937, ECF No. 1; No. 21-cv-1942, ECF No. 1.)

(5)  The Court shall enter judgment and close both cases.

**IT IS SO ORDERED.**

DATED: **November 22, 2021**

Hon. Cynthia Bashant
United States District Judge